■ GRACE PORTANTINO, Respondent-Appellant, et al., Plaintiff, v. JAMES S. COSTANZO, Appellant-Respondent.— In this action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County, entered October 22, 1971, setting aside the jury's verdict in favor of defendant as against the weight of the evidence, insofar as plaintiff Grace Portantino is concerned. Said plaintiff cross-appeals from so much of that order as allegedly denies the motion made for judgment on her behalf prior to the submission of the issues to the jury. Order setting aside the verdict in favor of defendant and granting a new trial to plaintiff, Grace Portantino, reversed, on the law and the facts with costs; said plaintiff's motion denied; jury's verdict reinstated; and her cross appeal dismissed. The order of October

22, 1971 denied plaintiffs' motion to set aside the verdict in defendant's favor, insofar as plaintiff driver Philip Portantino was concerned, and granted the motion insofar as plaintiff passenger Grace Portantino was concerned. We are of the opinion that, on the proof adduced, it may not be held that the preponderance of the evidence in favor of plaintiff Grace Portantino was so great that the finding in favor of defendant could not have been reached upon any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829; *McGrath* v. *Abramowski*, 35 A D 2d 669; *Hoffman* v. *Werner*, 36 A D 2d 969). In view of our reinstatement of the verdict in favor of defendant against plaintiff Grace Portantino, her cross appeal from the denial of her motion made prior to the submission of the issues to the jury (in effect a motion for a directed verdict) is dismissed as moot. Although academic, we note that an appeal does not lie from a motion made during the course of the trial for a directed verdict (*Courtier* v. *Schaeffer*, 20 A D 2d 713; 10 Carmody-Wait 2d, New York Practice, § 70:38). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.